UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61866-RAR

**MARY TUCKER,**

    Appellant,

v.

**SRS FS, LLC**,

    Appellee.

_____/

## ORDER AFFIRMING BANKRUPTCY COURT ORDER

**THIS CAUSE** is before the Court on Appellant Mary Tucker's appeal from the Bankruptcy Court's Order Granting Amended Motion for Relief from the Automatic Stay and Imposing a Two (2) Year Filing Bar, [ECF No. 13], and Appendix, [ECF No. 14], filed on January 19, 2023. Appellee SRS FS, LLC ("SRS") filed a Response, [ECF No. 17], and Appendix, [ECF No. 18], on February 22, 2023. Appellant filed a Reply, [ECF No. 22], and Reply Appendix, [ECF No. 23], on April 24, 2023, in response to the Court's Order to File Reply and Show Cause, [ECF No. 21], after Appellant failed to file a timely Reply. Having carefully considered the aforementioned filings, as well as the record in its entirety, it is hereby

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Order Granting Amended Motion for Relief from the Automatic Stay and Imposing a Two (2) Year Filing Bar is **AFFIRMED,** and this appeal is **DISMISSED**.

## BACKGROUND

This appeal arises from an order entered by the United States Bankruptcy Court for the Southern District of Florida. Appellant Mary Tucker, appearing *pro se*, filed a Voluntary Petition

for Relief pursuant to Chapter 13 of the United States Bankruptcy Code on June 14, 2022. Bankr. Dkt. Case No. 22-14596-SMG [ECF No. 18] at 1. On August 3, 2022, Appellee SRS filed an Amended Motion for Relief from Stay and to Impose a Two-Year Filing Bar ("Amended Motion"). Am. Mot. [ECF No. 5-2] at 1–5. On September 15, 2022, the Bankruptcy Court held a hearing on Appellee's Amended Motion, and on September 20, 2022, the Bankruptcy Court granted Appellee's Amended Motion ("Bankruptcy Order"). Bankr. Ord. [ECF No. 5-2] at 92–94. Following the same hearing, the Bankruptcy Court also entered an Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments and for Failure to Appear at the Section 341 Meeting of Creditors ("Bankruptcy Dismissal"). Bankr. Dis. [ECF No. 5-2] at 95–96. An appeal of the Bankruptcy Dismissal is not presently before this Court.

In granting Appellee's Motion for Relief from the Automatic Stay, the Bankruptcy Court stated, "[t]he automatic stay imposed by 11 U.S.C. § 362(c)(3)(a) has been terminated since July 22, 2022 and will continue as terminated with respect to SRS FS, LLC and with respect to the real property located at 6699 Racquet Club Drive, Lauderhill FL 33319." Bankr. Ord. ¶ 2. The Bankruptcy Court further stated, "[t]his Order is entered for the sole purpose of allowing Secured Creditor [Appellee SRS] to pursue all available rights and remedies in its foreclosure action and to seek an *in rem* judgment against the property, to have a judicial foreclosure sale of the property conducted, for certificates of sale and title to be issued to the successful purchaser at sale, and to gain possession of the property." *Id.* ¶ 3.

In granting the second request in the Amended Motion—the request for a two-year filing bar imposed against Appellant—the Bankruptcy Court stated, "[t]his Court finds that the six bankruptcies filed by the Debtor [Appellant Tucker] ((1)11-25753; (2) 12-17573; (3) 14-11822; (4) 19-19364; (5) 21-20682; and (6) 22-14596) and the facts and circumstances surrounding the

bankruptcy filings show Debtor [Appellant Tucker]'s intent to commit a scheme to hinder and delay Secured Creditor's enforcement of its *in rem* rights against the subject property[.]" *Id.* ¶ 4. Accordingly, the Bankruptcy Court imposed a two-year filing bar on Appellant Tucker pursuant to 11 U.S.C. § 362(d)(4). *Id.*

Now before this Court is Appellant Tucker's appeal of this Bankruptcy Order. First, Appellant argues the Bankruptcy Court abused its discretion in granting *in rem* relief to Appellee because Appellee is not a "party of interest" pursuant to 11 U.S.C. § 362(d)(4) since Appellee is not the holder of Appellant's Note at issue in this case. Initial Br. at 11. Regarding the two-year filing ban, Appellant argues that—contrary to the Bankruptcy Court's ruling—Appellant filed her six bankruptcy petitions in good faith. *Id.* at 28. Appellant also argues that Appellee SRS and its counsel engaged in "unprivileged actions" to secure *in rem* relief, alleging they "willfully, recklessly and maliciously slandered and defamed Appellant by announcing in open court for all to hear the falsity that Appellant has been in default of her loan for 16 years." *Id.* at 26–27 (internal quotation omitted). Lastly, Appellant argues the Bankruptcy Court denied her due process and an opportunity to defend against Appellee's Amended Motion because the Bankruptcy Court told her to "hang on" during the hearing but did not allow Appellant to rebut the point Appellee made when she was told to "hang on." *Id.* at 30.

Appellee SRS responds to each of Appellant's arguments. First, Appellee argues that it produced sufficient evidence through its Amended Motion showing it has a colorable claim to Appellant's property, and therefore the Bankruptcy Court did not abuse its discretion in granting *in rem* relief to Appellee. SRS Resp. at 12. Second, Appellee argues that the Bankruptcy Court properly imposed the two-year filing ban on Appellant because Appellant's bankruptcy petition was not filed in good faith, as Appellant has filed six bankruptcies in this district over the same

property demonstrating an intention to delay the underlying foreclosure action. *Id.* 15–16. Appellee also disputes Appellant's allegations of defamation and argues that the Bankruptcy Court gave both parties an opportunity to be heard during the hearing. *Id.* at 15.

Appellant filed a Reply Brief, which reiterates some of her initial arguments and attempts to rebut the cases cited by Appellee. *See generally* Reply. The appeal is ripe for review.

## LEGAL STANDARD

A district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993). However, "[a] decision to lift [an automatic] stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989). "A bankruptcy court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Combined Res. Interior, Inc. v. Frankl (In re Frankl)*, 620 B.R. 220, 224 (S.D.N.Y. 2020) (quoting *Fletcher v. Ball (In re Soundview Elite Ltd.)*, 646 F. App'x 1, 1 (2d Cir. 2016)). Likewise, the imposition of a refiling bar is reviewed for abuse of discretion. *Cusano v. Klein (In re Cusano)*, 431 B.R. 726, 730 (B.A.P. 6th Cir. 2010). However, the Court reviews a bankruptcy court's findings of fact for clear error, including whether a debtor acted in bad faith. *Id.*

## ANALYSIS

The Court affirms the Bankruptcy Court's Order Granting Amended Motion for Relief from the Automatic Stay and Imposing a Two (2) Year Filing Bar. First, the Court concludes that Appellant's Initial Brief is procedurally flawed, and this Court can dismiss the appeal on that basis alone. However, the Court further holds that the Bankruptcy Court properly granted Appellee's Motion for Relief from the Automatic Stay, because Appellee showed it has a colorable claim to

Appellant's property.  Likewise, the Court concludes that the Bankruptcy Court did not abuse its discretion in granting Appellee's Motion to Impose a Two-Year Filing Ban.  In reaching that conclusion, the Court holds that the Bankruptcy Court did not commit clear error in concluding that Appellee acted in bad faith by filing for bankruptcy over the same property six times.  Lastly, Appellant's arguments that Appellee committed defamation or slander and that the Bankruptcy Court violated Appellant's due process rights are without merit.  The Court addresses each conclusion in turn.

## I. Compliance with Bankruptcy Rule 8014

As an initial matter, Appellant's Brief does not comply with Rule 8014 of the Federal Rules of Bankruptcy Procedure.  Under Rule 8014(a), a bankruptcy appellant's opening brief must include, among other things, "a concise statement of the applicable standard of appellate review."  FED. R. BANKR. P. 8014(a)(5).  "Failure to comply with Rule 8014(a) is grounds for dismissing a bankruptcy appeal."  *Ehrlich for Hoffmans Trade Grp. LLC v. Com. Factors of Atlanta*, 567 B.R. 684, 691 (N.D.N.Y. 2017).  Appellant's Brief does not contain the required statement of the applicable standard of appellate review.  *See generally* Initial Br.  Accordingly, failure to comply with Rule 8014 is an independent basis for the Court's dismissal of this appeal.

## II. Relief from Automatic Stay

The Bankruptcy Court properly granted Appellee's Motion for Relief from Automatic Stay.  Appellee argues that the Bankruptcy Court should not have granted Appellee's Motion because Appellee is not a "party of interest" in Appellant's property subject to the Bankruptcy Petition.  The Bankruptcy Court disagreed and found that Appellee had a "colorable claim" to the property, sufficient to justify relief from the automatic stay.

As noted previously, the "decision to lift the stay is discretionary with the bankruptcy judge [] and may be reversed only upon a showing of abuse of discretion." *In re Dixie Broad., Inc.*, 871 F.2d at 1026. The abuse of discretion test involves two distinct determinations—first, whether the Bankruptcy Court applied the correct legal standard, and second, whether the factual findings supporting the legal analysis were clearly erroneous. *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 915 (B.A.P. 9th Cir. 2011). Here, the Bankruptcy Court did not abuse its discretion in ruling that the automatic stay imposed by 11 U.S.C. § 362 had already terminated.

"Filing a bankruptcy petition automatically stays all efforts outside of bankruptcy to enforce a lien against a debtor's property or to collect debts from a debtor who is under the protection of the bankruptcy court." *In re Steed*, No. 22-11800, 2023 WL 3719006, at *1 (11th Cir. May 30, 2023) (citing 11 U.S.C. § 362(a)(4), (6)). The statute further states:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section –
>
> …
>
> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1 year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

11 U.S.C. § 362(c)(3)(A). Applying this section of the statute, the Bankruptcy Court granted Appellee's Amended Motion for Relief from the Automatic Stay. Bankr. Or. ¶ 1. The Bankruptcy Order explains, "[t]he automatic stay imposed by 11 U.S.C. § 362(c)(3)(a) [sic] has been terminated since July 22, 2022 and will continue as terminated with respect to SRS FS, LLC and with respect to the real property located at 6699 Racquet Club Drive, Lauderhill, FL 33319…[.]"

*Id.* ¶ 2. The Bankruptcy Order clarifies it is entered "for the sole purpose of allowing Secured Creditor to pursue all available rights and remedies in its foreclosure action and to seek an *in rem* judgment against the property, to have a judicial foreclosure sale of the property conducted, for certificates of sale and title to be issued to the successful purchaser at sale, and to gain possession of the property." *Id.* ¶ 3. Moreover, "[SRS] shall neither seek nor obtain an *in personam* judgment against the Debtor." *Id.*

The Bankruptcy Court also discussed this issue on the record during the September 15, 2022 hearing. In an exchange with counsel for the Chapter 13 Trustee, the Bankruptcy Court asked, "hasn't the automatic stay also lapsed in this case? Isn't this…a filing within a year – I mean, there has been multiple filings, but this filing is within a year of the last one, and no motion to extend the stay was timely filed, correct?" Hearing Transcript ("H. Tr.") [ECF No. 18] at 4:16–22. Counsel for the Chapter 13 Trustee responded, "correct, your honor, and I believe there are approximately six filings all together." *Id.* at 4:23–25. Then, the Bankruptcy Court addressed Appellant and stated:

> One thing I want to make clear, as I made at the outset of this hearing, there is no automatic stay in place right now. As a matter of law, stay terminated on the thirtieth day after this petition was filed, and you did not seek to extend the stay. So, under Section 361(c)(3)(A), there is no stay. That is clear. The only issue before me then with respect to this motion is whether to grant the creditor's request for a two-year in rem stay relief.

*Id.* at 6:23–7:7. In response, Appellant stated, "I was wondering myself about the automatic stay. So, I was surprised when they filed the motion for relief from the automatic stay, but they did file a motion[.]" *Id.* at 7:9–12. Appellant then argued that SRS "h[as] to show [] a description of their – of the movant's standing, and all documents establishing truth of the movant's standing." *Id.* at 7:16–19. After elaborating on her standing argument, Appellant concluded with contradictory

statements, stating, "I'm asking this Court not to grant their motion," but also admitting, "[t]here is no automatic stay in place[.]" *Id.* at 8:11–13.

At the end of the hearing, the Bankruptcy Court granted the Amended Motion and requested that Appellee submit a proposed order. The Bankruptcy Court specifically requested that counsel "put in the order[] that the automatic stay has terminated under Section [] 362 (c)(3)(A) as of July 14, 2022 already, so there is no stay in place. You both are, and have been free to proceed with you rights and remedies, and the only additional relief I'm really granting here is the two-year *in rem* prospective relief, okay?" *Id.* at 18:21–19:2.

On appeal, as in the underlying proceeding, Appellant argues Appellee is not a "real party of interest" and therefore lacks standing. Section 362(d) allows a party to bring a motion for relief from stay if it establishes that it is a "party in interest." *In re Basson*, 713 F. App'x 987, 987 n.1 (11th Cir. 2018); 11 U.S.C. § 362(d). Typically, both creditors and loan servicers are parties in interest. *Baker v. Bank of Am., N.A.*, No. 20-10780, 2020 WL 7706473, at *4 (11th Cir. Dec. 29, 2020). While the Bankruptcy Code does not define the term "party in interest," this status is "determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay." *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 919 (B.A.P. 9th Cir. 2009). A party seeking stay relief need only establish that it has a "colorable claim" to enforce a right against property. *See Dees v. New Rez LLC (In Re Dees)*, No. 1:19-CV-05543-JPB, 2021 WL 805971, at *4 (N.D. Ga. Mar. 3, 2021).

Additionally, "the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, and counterclaims." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33–34 (1st Cir. 1994). "Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable

Page **8** of **18**

likelihood that a creditor has a legitimate claim or lien as to debtor's property." *Id.* Further, "[i]f a court finds that likelihood to exist, that is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay." *Id.*

That is what happened here. In granting Appellee relief from the automatic stay—or rather, in finding that the automatic stay had already been terminated as of July 2022—the Bankruptcy Court granted Appellee permission to litigate the case in the ongoing foreclosure proceedings. In disputing Appellee's right to Appellant's property, Appellant attempts to litigate the underlying foreclosure matter, requiring far more of Appellee than is required at this stage. Appellee explains in its Response that it currently has a foreclosure action in Broward County, Florida that is ready for trial in which Appellant contests Appellee's standing, and Appellee intends to present evidence of its standing to foreclose. SRS Resp. at 14.

The Court finds that Appellee produced sufficient evidence to the Bankruptcy Court through its Amended Motion to show that it has a colorable claim as to Appellant's property and therefore may move forward in the underlying foreclosure proceedings. In its Amended Motion before the Bankruptcy Court, Appellee stated that it lacked adequate protection for its interest in the collateral, Appellant's property located at 6699 Racquet Club Drive, Lauderhill, Florida 33319. Am. Mot ¶ 5. The Amended Motion proffered that Appellee "would show that it would be inequitable to permit [Appellant] to retain the collateral, that there is no equity in the collateral and that said collateral is not necessary for an effective reorganization by [Appellant]." *Id.* ¶ 6. Appellee represented that if it "is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage." *Id.* ¶ 8.

In support of its Amended Motion, Appellee provided evidence that SRS is now the owner and holder of Appellant's Note, initially executed and delivered to Homeview Lending Inc., along with a Mortgage securing payment of the Note. Specifically, Appellee attached to the Amended Motion a copy of the Note with the Allonge and a chain of Assignments of Mortgage showing that it is the holder and owner of the subject Note and Mortgage. *See* SRS Exhibits [ECF No. 5-2] at 16–51. SRS also provided an Affidavit in Support of the Motion from its President, Ben Roth, verifying the accompanying records. *Id.* at 52–54. Nothing more is required. *See In Re Dees*, 2021 WL 805971, at *3 (explaining the appellee need only provide evidence that it is the loan servicer, "nothing more"). The record makes clear the Bankruptcy Court reviewed the evidence and arguments and properly granted Appellee's Motion for Relief from Automatic Stay.

Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in its application of the legal standard. The Bankruptcy Court was correct that pursuant to Section 361(c)(3)(A), there was no automatic stay in place as applied to SRS. Additionally, the Court finds the Bankruptcy Court's decision that SRS has a "colorable claim" to Appellant's property was not clearly erroneous, given the evidentiary record SRS provided in support of its motion.

### III. Two-Year Filing Ban

The Bankruptcy Court correctly imposed a filing bar prohibiting Appellant from filing another bankruptcy petition for two years. As explained previously, the Court reviews the imposition of a refiling bar for abuse of discretion and the Bankruptcy Court's finding of bad faith for clear error. *In re Cusano*, 431 B.R. at 730. The Eleventh Circuit "has cautioned that [courts] should be reluctant to second-guess such findings because '[t]he bankruptcy judge is in the best position to evaluate good faith and weigh the relevant . . . factors, as it sits as the finder of fact and

can best assess motives and credibility." *In re Rivas*, 682 F. App'x 842, 845 (11th Cir. 2017) (quoting *In re Brown*, 742 F.3d 1309, 1315 (11th Cir. 2014)).

There is no particular test for determining whether a bankruptcy petition is filed in bad faith. *In re Rivas*, 682 F. App'x at 845. "Unmistakable manifestations of bad faith need not be based upon a finding of actual fraud, requiring proof of malice, scienter or an intent to defraud." *Shell Oil Company v. Waldron, et al. (In re Waldron)*, 785 F.2d 936, 941 (11th Cir. 1986). "The cornerstone of the bankruptcy courts has always been the doing of equity. The protections and forgiveness inherent in the bankruptcy laws surely require conduct consistent with the concepts of basic honesty." *Id.* "'[C]ourts may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions, or in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *In re Rivas*, 682 F. App'x at 845 (quoting *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988)).

When a Bankruptcy Petition "appears to be tainted with a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the debtor's motives. If the court discovers unmistakable manifestations of bad faith . . . confirmation must be denied." *In re Waldron*, 785 F.2d at 941. In finding that Appellant acted in bad faith by filing six consecutive bankruptcies regarding the same property over a ten-year period with the intention of delaying her foreclosure action, the Bankruptcy Court did as the Eleventh Circuit requires: "preserve the integrity of the bankruptcy process by refusing to condone its abuse." *Id.*

The Bankruptcy Court committed no clear error in concluding that the circumstances surrounding Appellant's six bankruptcy filings evinced bad faith. Moreover, relying on Appellant's bad faith in instituting a two-year filing bar was not an abuse of discretion. Appellee,

a secured creditor of Appellant's property, has been unable to complete its foreclosure due to the "serial filings" by Appellant.  SRS Resp. at 17.  Before the Bankruptcy Court, Appellee explained that its "position in the collateral has eroded and is being continually and irreparably damaged" and predicted that Appellee would merely re-file and further delay the underlying foreclosure action if not barred from re-filing.  *Id.*

In its Order granting the two-year filing ban, the Bankruptcy Court found "the facts and circumstances surrounding the [six] bankruptcy filings show Debtor's intent to commit a scheme to hinder and delay Secured Creditor's enforcement of its *in rem* rights against the subject property . . . ."  Bankr. Or. ¶ 1.  Relevant to the Bankruptcy Court's analysis was the similarity between this case and Appellant's previous five cases.  The Bankruptcy Court dismissed this petition for failure to submit required documentation or make required plan payments.  *See* Bankr. Dis. [ECF No. 5-2] at 95–96.  Upon review, Appellant's previous bankruptcy petitions were dismissed for similar reasons—failure to pay filing fee installments and plan payments, failure to provide statements of current monthly income, and failure to provide over a dozen required forms to the bankruptcy court.  *See* Appellee Appendix Collecting Bankruptcy Dismissal Orders, [ECF No. 18] at 12–21.  The Bankruptcy Court reviewed the six bankruptcies filed by Appellee in the Southern District of Florida, including cases (1) 11-25753; (2) 12-17573; (3) 14-11822; (4) 19-19364; (5) 21-20682; and (6) 22-14596, and concluded Appellee filed these cases in bad faith.

The Court finds no clear error.  Appellant's failure to prosecute these prior petitions—or even follow court deadlines or submit required payments—suggests that Appellant had no intent to pursue these cases in good faith.  Rather, Appellant appears to have filed these petitions in a bad faith effort to prevent the foreclosure of her property.  The Bankruptcy Court did not err in considering these factors, which "evidence an intent to abuse the judicial process and the purposes

of the reorganization provisions" and more specifically, evince an intent to file multiple bankruptcy petitions "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re Rivas*, 682 F. App'x at 845. In sum, the Bankruptcy Court properly found the existence of bad faith.

In concluding Appellant acted in bad faith, the Bankruptcy Court imposed a two-year filing bar, preventing Appellant from continuing to file petitions in an effort to avoid foreclosure proceedings. Doing so was not an abuse of discretion. *See, e.g.*, *In re Rivas*, 682 F. App'x at 846 ("Although this Court has not specifically addressed the district court's discretionary authority under § 105(a) to bar a debtor from filing future bankruptcy petitions, given the bankruptcy court's findings concerning Rivas's history of serial filings and that this was his fourth bankruptcy petition in a very short time period, there was a reasonable basis to support the bankruptcy court's decision, such that it cannot be said that the district court abused its discretion.").

### IV. Appellant's Additional Arguments

Appellant advances two additional arguments in support of her appeal of the Bankruptcy Order. Neither argument directly impacts the underlying rulings, and Appellant does not request relief in connection with either argument. Nevertheless, the Court finds it prudent to address both arguments, as they attempt to raise Constitutional questions regarding the hearing on Appellee's Amended Motion.

#### a. "Unprivileged Actions"

Appellant argues that at the stay relief hearing on September 15, 2022, counsel for SRS took "unprivileged actions"—namely, that counsel "willfully, recklessly and maliciously slandered and defamed Appellant by announcing in open court for all to hear the falsity that Appellant has been in default of her loan for 16 years." Initial Br. at 26–27. Appellee disputes

this characterization and maintains it only argued the contents of its Amended Motion, stating, "[t]here was simply no attempt to deceive the Court, nor was the Court deceived." Resp. at 15.

Appellant's allegations have no bearing on whether the Bankruptcy Court properly granted Appellee's Motion for Relief from Automatic Stay or correctly imposed a two-year filing bar, which are the only issues before this Court. This is a bankruptcy appeal—not a civil lawsuit in which Appellant may bring a cause of action for defamation, slander, slander of title, or any other claim based in tort law. *See* 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."). This Court is unaware of any instance in which an allegation of defamation or slander constituted a basis for appeal from a bankruptcy order providing relief from an automatic stay or imposing a filing bar, nor has Appellant requested any legal remedy based on these allegations. In other words, this argument is not grounds for reversal.

Moreover, even if Appellant could somehow raise such causes of action as part of the instant appeal, Appellant does not attempt to allege the required elements for defamation or slander of title under Florida law. *See Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008) ("Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory."); *Phillips v. Epic Aviation, LLC*, 234 F. Supp. 3d 1174, 1206 (M.D. Fla. 2017) ("Slander of title is generally defined in Florida as a false and malicious statement, oral or written,

made in disparagement of a person's title to real or personal property, or of some right of his, causing him special damage."). Appellant does not allege facts to support these elements.

Accordingly, Appellant's allegations of defamation do not impact the Court's analysis on whether the Bankruptcy Court properly granted Appellee's Motion.

### b. *Due Process*

Appellant also argues that she was denied due process under the Fourteenth Amendment of the United States Constitution and an opportunity to defend against Appellee's Motion before the Bankruptcy Court. Specifically, Appellant argues that during the hearing held on September 15, 2022 on Appellee's Amended Motion, Appellant "pleaded" with the Bankruptcy Court to rebut the "falsity" of Appellee's statements and three times the Bankruptcy Court told Appellant to "hang on." Initial Br. at 30. Appellant argues that after telling her to "hang on" the Bankruptcy Court did not give Appellant an opportunity to rebut Appellee's argument. *Id.*

Procedural due process guarantees a person notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011). With regard to bankruptcy proceedings, as with other judicial proceedings, a petitioner's due process rights are not violated where the petitioner receives actual notice of a proceeding, a copy of the motion, "had the opportunity to submit a written opposition to the motion, and [was] heard on the merits." *In Re Bertram*, 746 F. App'x 943, 948 (11th Cir. 2018).

The Court has reviewed the transcript from the hearing on Appellee's Motion and finds that Appellant had ample opportunity to present her arguments and did in fact do so. *See* H. Tr. at 12:16–17:2 (after asking Appellant to "hang on," the Bankruptcy Court provided Appellant an opportunity to respond, and Appellant did so); *see also id.* at 7:9–10:1 (Appellant provided opening remarks on Appellee's Motion). The Bankruptcy Court did not violate Appellant's right to due

process. *See, e.g.*, *In re Melcher*, 699 F. App'x 746, 747 (9th Cir. 2017) (Chapter 7 debtor was not deprived of due process when the Bankruptcy Court provided her an opportunity to be heard).

The Court briefly explains why Appellant's arguments fail to demonstrate that she was deprived of due process. First, Appellant argues that pursuant to *Romano-Murphy v. C.R.I.*, denial of the right to be heard is a "violation of due process which can never be harmless error," and had Appellant been given the opportunity to be heard, she would have successfully rebutted Appellee's arguments. Initial Br. at 31 (citing *Romano-Murphy v. C.R.I.*, 816 F.3d 707, 720 (11th Cir. 2016)). But *Romano-Murphy* is inapposite. There, the Eleventh Circuit addressed whether the IRS violated a plaintiff's right to due process by failing to make a pre-assessment determination of liability following the plaintiff's timely protest, as statutorily required. *Id.* at 719. Finding that the plaintiff's due process rights were violated, the court remanded the case to the tax court to determine whether the error was harmless under the circumstances. *Id.* at 721. While this case discusses the right to be heard generally, its holding requiring executive agencies to comply with statutorily imposed procedural requirements does nothing to advance Appellant's argument that she was not permitted to argue her case after being asked to "hang on" at the hearing.

Appellant's reliance on a concurring opinion in *McNabb v. Commissioner of Alabama Department of Corrections* is no more applicable than *Romano-Murphy* given that Appellant was ultimately provided an opportunity to be heard. *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1347 (11th Cir. 2013) (Jordan, J., concurring) ("Our cases have long held that certain procedural due process violations, such as the flat-out denial of the right to be heard on a material issue, can never be harmless . . . . Having said this, the district court's adjudication of the merits without allowing the additional briefing contemplated by the magistrate judge's order did not deprive Mr. McNabb of his constitutional right to procedural due process.")

Appellant's third argument, though a correct statement of law, also does not provide Appellant relief. Appellant argues, "[t]he right to be heard does not depend upon an advance showing that one will surely prevail at the hearing." *Fuentes v. Shevin*, 407 U.S. 67, 87 (1972). But the fact Appellant's argument was unsuccessful at the hearing is of no moment. Appellant's due process argument fails because Appellant was given—and made use of—an opportunity to be heard in response to Appellee's arguments. *See* H. Tr. at 6:22–23 (Court: "Okay, Alright. So, Ms. Tucker, your chance to respond. I've read your written response."); *id.* at 7:9–9:25 (Appellant's oral argument in response to the Amended Motion); *id.* at 12:16–17 (Court: "Alright Ms. Tucker, response on this one."); *id.* at 12:18–16:24 (Appellant's oral argument on the two-year filing ban).

Accordingly, Appellant's argument that she was deprived of due process does not alter the Court's analysis on whether the Bankruptcy Court properly granted Appellee's Motion.

## **CONCLUSION**

In sum, the Bankruptcy Court properly granted Appellee's Amended Motion for Relief from the Automatic Stay and Imposing a Two (2) Year Filing Bar. Appellee had a "colorable claim" to the property, sufficient to justify relief from the automatic stay, and such relief was warranted by 11 U.S.C. § 362(c)(3)(A). Moreover, the Bankruptcy Court did not err by imposing a two-year filing bar on Appellee, as the circumstances surrounding her six bankruptcy filings demonstrate bad faith. The Court also concludes that Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8014(a) is an independent basis to dismiss Appellant's appeal. And Appellant's meritless defamation and due process arguments do not alter the Court's analysis. Thus, for the reasons stated herein, it is hereby

**ORDERED AND ADJUDGED** that the Order Granting Amended Motion for Relief from the Automatic Stay and Imposing a Two (2) Year Filing Bar is **AFFIRMED**, and this appeal is

**DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case and any remaining motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of August, 2023.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**